IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 28 2012
J T NOBLIN, CLERK
BY_____ DEPUTY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

v.

BABY O'S RESTAURANT
d/b/a DANNYS
    Defendant.

**COMPLAINT**
JURY TRIAL DEMAND

3:12CV681 DPJ-FKB

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.*, and Title I of the Title VII of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Sherida Edwards, ("Edwards"), a Black female, and three other Black females who were adversely affected by such practices ("Class members"). As alleged with greater particularity in paragraphs seven (7) through thirty-one (31) below, the U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Baby O's Restaurant, Inc., d/b/a Danny's Gentlemen's Club, ("Defendant" or the Club"), violated Title VII by subjecting Edwards and the Class members to: (1) disparate terms and conditions of employment based on race; and (2) materially adverse actions in retaliation for Edwards' Title VII protected conduct. EEOC also alleges that Defendant constructively discharged Edwards based on her race and/or in retaliation for her Title VII protected conduct.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant was a Mississippi corporation continuously conducting business in Mississippi and the City of Jackson, the location of its primary place of business.

5.  At all relevant times, the Club has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and has continuously had at least fifteen (15) employees.

6.  Defendant is an adult entertainment/gentlemen's club, operating under the name: "Dannys."

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Edwards filed a Charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times in issue, the Club exercised substantial control over all aspects of Edwards' and the Class members' work at the Club, including the terms and conditions of their employment by the Club. Edwards and the three Class members are former employees of Defendant.

9. Since on or about June 2009 through November 2011, Defendant has engaged in unlawful employment practices in Jackson, Mississippi, in violation of Section 703(a)(1)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1)(2), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

10. The unlawful employment practices complained of in paragraphs seven (7) through thirty-one (31) were intentional.

11. The unlawful employment practices complained of in paragraphs seven (7) through thirty-one (31) were done with malice or with reckless indifference to the federally protected rights of Edwards and the Class members.

## COUNT I
**[Title VII Race Discrimination: Edwards and Class Members-Disparate Treatment]**

12. On or about approximately July 19, 2009, Edwards began employment with Defendant as an entertainer. The Class Members also were entertainers who worked for Defendant.

13. Defendant subjected Edwards and the Class Members to racial discrimination by requiring them to work under adverse and disparate terms and conditions of employment, which the Club did not impose on similarly situated White entertainers.

14. Examples of the aforementioned adverse disparate terms and conditions of employment imposed on Edwards and the Class members included, but were not limited to, subjecting Black entertainers to mandatory scheduling, arbitrary fees and fines, working on less lucrative shifts, and excluding the entertainers from company advertisements used to promote the business.

15. Edwards and the Class members were qualified for their positions.

16. The effect of the practices complained of in paragraphs seven (7) through fifteen (15) has been to deprive Edwards and the Class members of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

## COUNT II
**[Title VII Retaliation against Edwards]**

17. The Commission incorporates by reference paragraphs seven (7) through fifteen (15) above.

18. Beginning in or around April 2011, Edwards participated in activity protected Title VII. Defendant received notice of Edwards protected activity on or about April 21, 2011.

19. Because of Edwards' Title VII protected conduct, Defendant retaliated against Edwards by, among other actions, harassing and threatening her, pressuring her to withdraw her a discrimination charge she filed with EEOC, cutting her hours, forcing her to work less lucrative shifts, and forcing her to compete for dancing slots in which she previously did not have to compete. A reasonable employee would view these actions as materially adverse. Thereafter,

4

Edwards engaged in protected conduct by repeatedly refusing to dismiss her EEOC Charge.

20. A causal connection exists between Edwards' opposition and participation activity and the materially adverse actions to which Defendant subjected her.

21. The effect of the practices complained of in paragraphs seven (7) through twenty has been to deprive Edwards of equal employment opportunities and otherwise adversely affect her status as an employee because she participated in conduct protected by Title VII.

## COUNT III
### [Title VII Retaliation against Class Members]

22. The Commission incorporates by reference paragraphs seven (7) through twenty- above.

23. The Club received notice of Edwards protected activity on or about April 21, 2011. Thereafter, the Club retaliated against the Class members.

24. Concerning one Class Member, the retaliation included subjecting her and other Black entertainers to fines, disrespecting her and other Black entertainers, maintaining a schedule only for Black entertainers.

25. Concerning a second Class member, the Club retaliated against her by placing her in competition with Edwards for the third slot of the limited number of three Black entertainers on a "Black shift".

26. Defendant's retaliation included limiting the number of days and shifts each Class member could work and, therefore, reducing income available to each Black entertainer.

27. The Class members are within the "zone of interests" protected by Title VII's retaliation provision.

28. The effect of the practices complained of in paragraphs seven (7) through twenty-seven (27) has been to deprive Class members of equal employment opportunities and otherwise

5

adversely affect their status as employees because they participated in conduct protected by Title VII.

## COUNT IV
### [Title VII Race Discrimination and Retaliation: Constructive Discharge]

29. The Commission incorporates by reference paragraphs seven (7) through twenty-seven (27).

31. The conduct to which Defendant subjected Edwards increased over time and created a work environment that became so intolerable that the she was constructively discharged on June 4, 2011.

32. The effect of the practices complained of in paragraphs seven (7) through thirty-one, has been to deprive Edwards of equal employment opportunities and otherwise adversely affect his status as an employee because of her race, black, and in retaliation for participating in protected Title VII activity.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant. its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including subjecting employees to discriminatory and disparate terms and conditions of employment and discharging employees based on race, and from engaging in retaliation and retaliatory harassment against employees for participating in protected Title VII activities, including discharging employees in retaliation for Title VII protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of

their past and present unlawful employment practices, including past and present unlawful Title VII retaliation.

C. Order Defendant to make Edwards and the Class members whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Edwards and the Class members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs seven (7) through thirty-one (31) above, including, but not limited to, relocation expenses, job search expenses, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Edwards and the three Class members by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above in seven (7) through thirty-one (32) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Edwards and the three Class members punitive damages for its malicious and reckless conduct described in paragraphs seven (7) through thirty-two (32) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 28th day of September, 2012.

                    RESPECTFULLY SUBMITTED,

                    P. David Lopez
                    General Counsel

                    James L. Lee
                    Deputy General Counsel

                    Gwendolyn Young Reams
                    Associate General Counsel

                    U.S. Equal Employment Opportunity Commission
                    131 M. Street E
                    Washington, DC 20507

                    */s/ C. Emanuel Smith*
                    C. EMANUEL SMITH (MS Bar # 7473)
                    Regional Attorney
                    205-212-2131
                    Emanuel.smith@eeoc.gov


                    JULIE BEAN (DC Bar #433292)
                    Supervisory Trial Attorney
                    205-212-2067
                    Julie.Bean@eeoc.gov


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone:    205-212-2045
Facsimile:     205-212-2041