IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 3:12-CV-681-DPF-FKB |
| v. ) ) | |
| BABY O'S RESTAURANT D/B/A DANNY'S ) ) ) | |
| Defendants. ) ) | |

**EEOC'S MOTION FOR CIVIL CONTEMPT SANCTIONS**

The U.S. Equal Employment Opportunity Commission ["the "EEOC" or "Commission"], by and through its attorneys, respectfully moves this Honorable Court, pursuant to FED. R. CIV. P. 70(e)., to hold Defendant Danny's Restaurant LLC and Danny's of Jackson, LLC, d/b/a Danny's Downtown Cabaret ["Defendant" or "Danny's Downtown"] in civil contempt for noncompliance with the terms of a Consent Decree ["Decree"].

**FACTUAL BACKGROUND**

As grounds for this motion, the Commission states as follows:

1. The Consent Decree was entered into between the Commission and Baby O's Restaurant, Inc. d/b/a Danny's Downtown and binds successors, and assigns, and all those in active concert or participation with Danny's Downtown.

2. The Consent Decree as approved by the Court was entered on the docket in this action on June 28, 2013 and amended by Court Order dated January 27, 2016.

3. Baby O's Restaurant, Inc. operated Danny's Downtown until its administrative dissolution on December 7, 2012. Rankin St. Restaurant Inc., a registered Mississippi

corporation, then operated Danny's Downtown until its administrative dissolution on October 1, 2013.

4. Subsequently, Danny's Downtown was operated by Parcel Dr. Restaurant Inc., a registered Mississippi corporation, until its dissolution on December 20, 2014. At least as early as October 5, 2015, the registered Mississippi corporation of Danny's Restaurant LLC owned and operated Danny's Downtown.

5. At least as early as March 1, 2016 that corporation partnered with Danny's of Jackson, LLC, a registered Mississippi corporation. Each of these corporations has shared directors and officers.

6. Defendant Danny's Restaurant LLC and Danny's of Jackson, LLC are the successors, and assigns to Baby O's Restaurant, Inc.

7. Both the Original Consent Decree and the Amended Consent Decree required Danny's Downtown to: 1) implement new policies and practices designed to prevent racial discrimination and retaliation; 2) conduct training on anti-discrimination and retaliation laws; and 3) establish a confidential process for persons to submit discrimination and retaliation complaints.

8. Noncompliance with the Decree first became an issue in January 2015 when as part of routine compliance monitoring, the Commission confirmed that Defendant had failed to comply with the terms of the Decree. Thereafter, on January 28, 2015 the Commission notified Defendant in writing of the noncompliance.

9. This notice led to the Parties jointly requesting the Court to extend the Consent Decree by six months.

10. On July 1, 2015, the Court entered an Order Extending the Term of the Consent Decree until December 28, 2015.

11. Notwithstanding this first extension, Danny's Downtown remained in breach of the Consent Decree's injunctive relief requirements and the EEOC moved for civil contempt sanctions on December 28, 2015.

12. Prior to the Court's ruling on the EEOC's Motion for Contempt, the Court entered an Amended Consent Decree [Dkt. 24] on January 27, 2016 which extended the requirements of the Original Consent Decree until December 28, 2016.

13. Despite the Commission's best efforts since January 2016 to bring Defendant into compliance, Defendant remains in violation of several of the material terms of the Court's the Amended Consent Decree.

## VIOLATIONS OF AMENDED CONSENT DECREE

14. The Amended Consent Decree required that Danny's Downtown ensure that its antidiscrimination policies were revised prior to March 26, 2016 to comply with 13 specific requirements set forth in the Amended Consent Decree. Danny's Downtown was further required to provide a copy of the updated policies to its employees and the Commission on or before April 25, 2016. Danny's Downtown has totally failed to comply with either of these requirements of the Amended Consent Decree. See Amended Consent Decree, Paragraphs 13 through 14.

15. The Amended Consent Decree required that Danny's Downtown provide semi-annual training in accordance with specifications in the Amended Consent Decree to supervisory and managerial employees beginning on or before July 24, 2016. Additionally, Defendant was to provide the Commission 30 days prior to the training information as to

the name, address and telephone number of the training presenter and an outline of the training content. Danny's Downtown has totally failed to comply with either of these requirements of the Amended Consent Decree. See Amended Consent Decree, Paragraphs 15(a) and 19.

16. The Amended Consent Decree required that Danny's Downtown provide documentation to the Commission on or before April 25, 2016 of its procedures and record keeping methods developed for handling tracking and monitoring of complaints of discrimination and retaliation. Danny's Downtown has totally failed to comply with this requirement of the Amended Consent Decree. See Amended Consent Decree, Paragraphs 21.

17. The Amended Consent Decree required that Danny's Downtown post prior to February 25, 2016 a Notice of Non-Discrimination on a bulletin board near the time cards used by employees. The Amended Decree further required that a copy of the posting be provided to the Commission. Danny's Downtown has totally failed to comply with these provisions and has not provided a copy of any posting to the Regional Attorney. See Amended Consent Decree, Paragraphs 23 through 25.

18. To date, Danny's Downtown Defendant has not submitted the necessary information to resolve or cure the deficiencies nor has Defendant provided an explanation for its non-compliance. The Commission has solicited interaction from Defendant to resolve these disputes but Defendant has no counsel and has been unwilling to engage in dialogue regarding its noncompliance. See Amended Consent Decree, Paragraphs 14 through 17.

WHEREFORE, the Equal Employment Opportunity Commission prays:

a) That the Court issue an Order directing the Defendant to appear before this Court and to show cause, if there be any, why an Order should not issue holding Defendant in civil

contempt of the Orders of this Court for its failure to comply with the Consent Decree;

b)  That, upon return of the Order to Show Cause, issue an Order directing the Defendant to fully comply with the Consent Decree;

c) Upon return of the Order to Show Cause, that the Court issue an Order that sanctions Defendant for non-compliance with the Consent Decree and again extends the term of the Consent Decree; and

d) That the Equal Employment Opportunity Commission be granted its attorneys' fees, costs and such other relief as may be necessary and appropriate.

The EEOC requests that the Court grant such further relief as deemed necessary and proper in the public interest.

Respectfully submitted on this 28th day of September,

C. EMANUEL SMITH
Regional Attorney
Mississippi Bar # 7473

MARSHA L. RUCKER
Supervisory Trial Attorney
PA Bar # 90041

*/s/Harriett Oppenheim*
HARRIETT OPPENHEIM
Trial Attorney
MS Bar #103149

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
 Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, Mississippi 39269
Office Phone: (601) 948-8454
Cell Phone: (205) 410-6099
Fax: (601) 948-8401
harriett.johnson@eeoc.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

    Daniel Daxon Owens
    995 S West Street
    Jackson, Mississippi 39201

                                    */s/ Harriett Oppenheim*
                                    Harriett Oppenheim